IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Kristopher Stubrud et al.,**

        **Plaintiffs,**

v.                                                                       Case No. 14-2252-JWL

**Daland Corporation et al.,**

        **Defendants.**

### MEMORANDUM & ORDER

Plaintiffs, current and former delivery drivers for various Pizza Hut franchise restaurants, filed this wage and hour suit individually and on behalf of all other similarly situated delivery drivers alleging violations of the minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Specifically, plaintiffs allege that defendants failed to adequately reimburse its drivers' automobile expenses such that its drivers' net wages fell below the federal minimum wage requirements. This matter is presently before the court on plaintiffs' unopposed motion to approve collective action settlement (doc. 66) and plaintiffs' motion for attorney fees (doc. 68). Because the record does not contain sufficient information for the court to scrutinize the settlement for fairness, and because the settlement agreement contains provisions which are problematic, the motions are denied without prejudice.

Plaintiffs move the court for approval of the parties' settlement agreement pursuant to the court's duty to ensure that FLSA wage-payment settlements represent a "fair and reasonable" resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,

1355 (11th Cir. 1982). Although the FLSA does not require a fairness hearing like that required for settlements of class actions brought under Federal Rule of Civil Procedure 23, many courts have determined that fairness hearings should be held unless the parties notify the court that the opt-in plaintiffs had notice of the settlement and an opportunity to object. *See Tommey v. Computer Sciences Corp.*, 2015 WL 1623025, at *1 (D. Kan. Apr. 13, 2015); *Goldsby v. Renosol Seating, LLC,* 2013 WL 6535253, at *10 (S.D. Ala. Dec. 13, 2013). This court routinely conducts fairness hearings regarding FLSA collective action settlements unless the parties' submissions demonstrate that the opt-ins had notice of the settlement and an opportunity to object. Plaintiffs here have not requested a fairness hearing, but the submissions do not reflect that the 167 opt-in plaintiffs have received notice of the settlement and an opportunity to object. Thus, the court normally would set plaintiffs' motion for a fairness hearing despite the fact that the parties have not requested such a hearing.

That said, the court declines to set a fairness hearing because it would not approve the parties' settlement agreement in its current form in any event. Specifically, the settlement agreement submitted by plaintiffs contains a confidentiality provision that purports to preclude any class member from disclosing (with limited exceptions) the terms of the agreement, including the total amount of the settlement and individual amounts received by class members. There is broad consensus that FLSA settlement agreements should not be kept confidential and the court will not approve an agreement that prohibits and penalizes class members for sharing information about the settlement with others, particularly defendants' employees. *See Mabry v. Hildebrandt*, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015) (suggesting that a narrowly tailored confidentiality agreement precluding dissemination of information to the media might

withstand scrutiny but that class members must be able to share information with other employees); *Gamble v. Boyd Gaming Corp.*, 2015 WL 4874276, at *8-9 (D. Nev. 2015) (rejecting proposed FLSA settlement agreement containing confidentiality provision); *Duran v. Hershey Co.*, 2015 WL 4945931, at *1-2 (N.D. Cal. Aug. 10, 2015) (denying motion to seal FLSA settlement agreement); *Gil v. Chipotle Inc.*, 2015 WL 4230599, at *3 (N.D. Ala. 2015) (approving FLSA settlement agreement with the understanding that confidentiality provision would be removed). Because the parties' agreement contains a provision that would penalize class members from disclosing the terms except in narrow circumstances, the court will not approve an agreement containing this provision.

Moreover, the agreement submitted by plaintiffs references an "Exhibit A" which apparently contains a list of all opt-in plaintiffs and the corresponding settlement amounts calculated for those plaintiffs. That Exhibit is not attached to the Settlement Agreement and is not otherwise in the record.

The parties, then, must notify this court on or before September 11, 2015 of their intention to either (1) file a revised settlement agreement and supporting documentation in accordance with this memorandum and order; or (2) abandon settlement and proceed to litigate this dispute. To the extent the parties submit a revised settlement agreement, the court anticipates conducting a fairness hearing in October 2015, unless the parties demonstrate to the court that the opt-in plaintiffs have received notice of the settlement and an opportunity to object. To the extent a fairness hearing is held, the court anticipates further discussion of certain issues not presently addressed in the agreement, such as the value of the class members' claims; whether class members have access to the settlement agreement and payment formula; and

whether class members have reviewed the release language contained in the agreement or otherwise will be required to separately agree to that language (such as through negotiating a settlement check).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to approve collective action settlement (doc. 66) and plaintiffs' motion for attorney fees (doc. 68) are denied without prejudice to refiling.

**IT IS FURTHER ORDERED BY THE COURT THAT** the parties must notify this court on or before September 11, 2015 of their intention to either (1) file a revised settlement agreement and supporting documentation in accordance with this memorandum and order; or (2) abandon settlement and proceed to litigate this dispute.

**IT IS SO ORDERED.**

Dated this 28th day of August, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge