IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Kristopher Stubrud et al.,**

      **Plaintiffs,**

**v.**                                                                          Case No. 14-2252-JWL

**Daland Corporation et al.,**

      **Defendants.**

## **MEMORANDUM & ORDER**

Plaintiffs, current and former delivery drivers for various Pizza Hut franchise restaurants, filed this wage and hour suit individually and on behalf of all other similarly situated delivery drivers alleging violations of the minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Specifically, plaintiffs allege that defendants failed to adequately reimburse its drivers' automobile expenses such that its drivers' net wages fell below the federal minimum wage requirements. This matter is presently before the court on plaintiff's renewed unopposed motion to approve collective action settlement (doc. 72); plaintiffs' renewed motion for attorneys' fees and costs (doc. 73); and the parties' joint motion for leave to file their settlement agreement and supporting declarations under seal (doc. 74). As will be explained, the court denies the parties' motion for leave to file the settlement agreement under seal. Plaintiffs' motions to approve the settlement and for attorneys' fees and costs are then retained under advisement pending the parties' filing of the settlement documents.

Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1135 (10th Cir. 2011) (citing *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). When a settlement agreement is approved by a court, that agreement becomes part of the court's file and constitutes a judicial record. *See Jessup v. Luther*, 277 F.3d 926, 929-30 (7th Cir. 2002) (when a settlement is filed under seal in the court's file it becomes part of the judicial record); *Vargas v. General Nutrition Centers, Inc.*, 2015 WL 4155449, at *1 (W.D. Pa. Mar. 20, 2015) (FLSA settlement approved by court is judicial record) (citing cases). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149 (citation omitted). The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id.*

The parties first contend that their FLSA settlement agreement should be sealed to maintain their interests in keeping the terms of the settlement confidential. This argument is not persuasive to the court, particularly as the agreement itself permits the disclosure of settlement terms among class members, family, friends and other employees. Moreover, the parties do not provide any affidavits manifesting that they relied on the confidentiality of the agreement in executing the agreement and there is no evidence (or argument) of any specific injury or harm that will result from public access to the settlement agreement. Without more, the mere fact that the parties desire a confidential settlement is not sufficient to outweigh the strong presumption of public access to judicial records. Indeed, the overwhelming trend among courts is to refuse to seal FLSA settlement agreements absent a specific concern about confidentiality. *See Colony*

2

*Ins. Co. v. Burke*, 698 F.3d 1222, 1241–42 (10th Cir. 2012) (denying a motion to seal because "[t]he parties' only stated reason for filing these documents under seal [was] that they involve[d] the terms of confidential settlement agreements and/or they were filed under seal in the district court" and "[n]either party [had] submitted any specific argument or facts indicating why the confidentiality of their settlement agreements outweigh[ed] the presumption of public access"); *Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 835 (7th Cir. 2013) (confidentiality agreement alone was insufficient to grant parties' motion to seal settlement agreement); *Weismantle v. Jail*, 2015 WL 1866190, at *1-2 (W.D. Pa. Apr. 23, 2015) ("What can be gleaned from this prevailing, if not overwhelming, caselaw trend is that, absent something very special in a very specific case which generates a very good reason above and beyond the desire of the parties to keep the terms of an FLSA settlement out of the public's view, if the parties want the Court to approve the substance of an FLSA settlement agreement, it cannot be filed under seal) (collecting cases); *Ordonez v. Mio Posto Restaurant, Inc.*, 2014 WL 1672354, at *2-3 (E.D.N.Y. Apr. 21, 2014) (fact that settlement was conditioned on confidentiality insufficient to overcome presumption in favor of public access; overwhelming number of courts that have considered that justification for sealing have "roundly rejected" it).

  The parties also point out to the court that, in *Wass v. NPC Int'l, Inc.*, this court permitted the parties to file their settlement documents under seal. It is true that, in that case, the court granted by text entry the parties' joint motion to file their settlement documents under seal. At that time, the court's practice was to apply minimal scrutiny to unopposed motions to seal in cases that did not involve issues concerning an obvious risk to public health or safety. In the absence of an objection to sealing an FLSA settlement agreement, then, the court simply

3

honored the negotiated terms of the parties' settlement agreement.  Since that time, this court, as most courts have done, has revisited its practice in the context of FLSA settlement agreements and has required a particularized showing from the parties to overcome the presumption that the agreement will not be sealed.  That showing has not been made in this case.

Finally, the parties indicate in their motion that filing the agreement under seal would protect defendant from potential "follow-on" litigation.  Courts have flatly rejected this justification for sealing an FLSA settlement agreement and the court does so here as well. *Lopez v. Nights of Cabiria, LLC*, ___ F. Supp. 3d ____, 2015 WL 1455689, at *4-6 (S.D.N.Y. Mar. 30, 2015) (desire to insulate defendant from copycat litigation does not trump presumption of public access; court refused to approve agreement unless agreement was posted to the public docket); *Nutting v. Unilever Mfg. (U.S.) Inc.*, 2014 WL 2959481, at *4 (W.D. Tenn. June 13, 2014) (fear of copycat lawsuits not reason enough to defeat the presumption of public access). *Alewel v. Dex One Serv., Inc.*, 2012 WL 6858504, at * (D. Kan. Dec. 13, 2013) (denying motion to seal FLSA settlement agreement despite argument that public disclosure would encourage copycat lawsuits); *Curasi v. Hub Enterprises, Inc.*, 2012 WL 728491, at *2 (E.D.N.Y. Mar. 5, 2012) (denying motion to seal FLSA settlement agreement in order to avoid "copycat lawsuits" because "[a] business's general interest in keeping its legal proceedings private does not overcome the presumption of openness").

In sum, the court concludes that the parties' settlement agreement, once it has been approved by the court and maintained in the court's file, will constitute a judicial record that is presumptively open to the public for "review of the court's fairness in its decision-making." *See Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 609 (E.D. Va. 1999).  Moreover, the parties here

4

have not rebutted the presumption because they have not shown that any need for confidentiality or the potential for copycat litigation heavily outweighs the public's interest in access.  Indeed, the parties have come forward with no evidence whatsoever that refusing to seal the settlement agreement would cause significant damage or prejudice to the parties or would void any material terms of the settlement agreement.  Thus, the parties' joint motion to seal the settlement agreement is denied.  To the extent the parties would like the court to rule on the motion to approve the settlement agreement and the motion for fees, the parties will need to file the settlement agreement in the public record of this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' joint motion for leave to file their settlement agreement and supporting declarations under seal (doc. 74) is denied.

**IT IS SO ORDERED.**

Dated this 8th day of October, 2015, at Kansas City, Kansas.

                                                    s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge